Good morning, Your Honors. The guard downstairs assured me that you don't eat counsel on Tuesdays, so it was comfortable coming in. We don't bite. We have a lot of bark. We don't bite. Speaking of things existing or being revived or whatever, what's the jurisdiction of the bankruptcy court to revisit the lease post-dismissal of a Chapter 13? That's our issue, isn't it? I think that's the principal issue, and I think that's one that the court needs to carefully address. It seems to me we have an order from the bankruptcy court that says this case is dismissed. We're going to only exercise jurisdiction over a limited area, specifically Section 110, which wasn't applicable here. It also said in that same order that any pending motions for relief would also be dismissed and any hearings vacated. So even had Mr. Dooley filed his motion before the dismissal, that pending motion for relief would have been dismissed, and the court would not have exercised jurisdiction. I mean, this court's well aware we have a court of limited jurisdiction. It can't hear anything and everything that it wants to, and we have a line of cases which I cite and don't need to revisit, starting with the Taylor case and subsequent cases. It says, hey, if your case is dismissed, there's only certain things we're going to address. Attorney's fees, we're going to perhaps revisit prior orders of this court. We're not going to be a court of general jurisdiction where you can just come in and say, okay, I'm unhappy with something we're going to. I'm going to go ahead and exercise jurisdiction. Did Dooley move to vacate the dismissal? Well, had he, if he had. Did he have that remedy available? Yes, but he did not, and he did not appeal it within, even though he was aware of the dismissal shortly after he filed. He did not move to set aside, nor did he appeal it, and I cited the case law that says you have a 10-day period. Had he done that, then the bankruptcy court would have had jurisdiction. I assume that the court could have then reasserted its jurisdiction and said, okay, but he did not.  Why wasn't this lease disclosed in the debtor schedules? My client, uneducated, not particularly savvy in the world of business. If you look at the lease, you can see it wasn't prepared by a law firm. They just went and got a standard form. Did not tell my law firm about it until it was too late. I was not aware that he had a lease. This was the land on which he conducted his business, wasn't it? Absolutely. And he was getting checks, wasn't he? No, he was paying checks. Paying checks. He was making payments. But he's making payments going through bankruptcy. Yeah, he was. While and during he was in bankruptcy, yes. Even after the 60-day period had expired, he continued to make payments to Mr. Dooley. As to why it wasn't disclosed, simply in the course of the intake and the discussions I had, the intake sheet, I reviewed that carefully. He checked the thing that said no existing leases. Now, whether or not he ñ I think in his mind, being a little perhaps less educated, he was thinking in terms of his house, his creditors, those things that were of immediate concern to him. Irrespective of the reason why it was not listed, if Mr. Dooley had found out about the Chapter 13 proceeding prior to the dismissal and come into court and asked for relief, could he have done that? Could he have come in before the dismissal? Yes. Well, I think he could. I don't see any reason why he couldn't. Based on the failure to list the lease asset. But then we still would have been entitled to dismiss, in which case I think the court's jurisdiction over that pending action would have gone away under the cases we've cited. I'm dealing with a hypothetical. Let's assume bankruptcy, Chapter 13 schedules, lease not listed, Dooley finds out, comes in, asks for, in effect, return of the leasehold interest for failure to disclose it, which is provided for under the bankruptcy right. Right. And your response is, I want to dismiss. We want to dismiss the Chapter 13. Correct. Would Judge Nielsen have had jurisdiction to grant Dooley the relief requested under my hypothetical? I don't believe so. And I rely on the Beatty case from the Fifth Circuit where exactly that's exactly what happened. And once you move to dismiss, at whatever point in time that occurs, schools out. Schools out. That doesn't mean that he doesn't have his remedies. He can go to state court and say, this is the way it is. The case, the lease was terminated. I have these remedies. But I don't think the bankruptcy court under the jurisdictional cases that I've read, I have not found a single case, and neither has opposing counsel, that says that you come in after a case is dismissed and ask the court to exercise these substantive kinds of remedies and enter these kinds of orders that gives the bankruptcy court the jurisdiction to do that. Imagine that your client had won the Arizona lottery and didn't disclose that and was granted a discharge of all his obligations based on the information he had provided to the bankruptcy court. And after the entry of final judgment reflecting that, some of his creditors found out that he'd actually won the lottery prior to even filing the Chapter 13 proceeding. Would the bankruptcy court have jurisdiction to reopen? The remedy there is for a creditor or the Chapter 7 trustee to come in and seek to reopen his case. That did not happen in this instance. The dismissal occurred. Dewey never filed a motion, as Judge Breyer suggested, to set aside the dismissal, to reassert jurisdiction. There's a process set up in the bankruptcy code for creditors to do that. Mr. Dewey was not injured in this situation. He got his lease payments throughout the course of this until he declined to accept them, as opposed to the creditors in your hypothetical where there's a pot of money where they didn't have access to. Mr. Dewey's not in that situation. And, furthermore, it's our contention, as we stated, that my client stated in at least two affidavits that he told Dewey about the bankruptcy, both before and after, a point which neither the bankruptcy court nor the district court apparently took notice of. Did you want to save a little bit of time for rebuttal? Yes, Your Honor, if I could. Okay. Thank you very much for your argument. We'll hear from the Simpson side of things. Mr. O'Connor. May it please the Court, Dean O'Connor, excuse me, appearing for, excuse me. Would you like to get some water? No, that's all right. I'm fine now, I think, appearing for Ray Dooley. The bankruptcy code is obviously a statute, and the rules are obviously a statute. And they set forth specific requirements in order to come into the bankruptcy court. They also set up saying if you're going to file your schedules, you do it under penalty of perjury. This is one of the few places where it says you do it under penalty of perjury. Therefore, there was an obligation to disclose assets as well as debts on behalf of the debtor, meaning he had to say this lease existed when he filed and give notice to my client that he was in bankruptcy. He didn't do that. How was your client injured? I'm a little confused. Your client got money. The bankruptcy was dismissed. If it was dismissed, one could argue that it's as if there never was a bankruptcy. Let's assume there wasn't a bankruptcy. In any event, how was your client injured? Well, Section 365 of the code is a creature in and of itself. It only exists in bankruptcy that you have to assume or reject within a certain period of time. And under the holding of In re Tompkins, if you don't do it, it in essence terminates the lease and includes, as I read the cases, terminates your right to possession. That's how my client is damaged in that they didn't do what they were supposed to do, and therefore my client lost the right to say the lease was terminated. So why didn't your client go back into bankruptcy court and seek to vacate the dismissal, and then there would be no issue as to jurisdiction? Well, one has to look at the time frame of things. They requested a dismissal, or the debtor requested a dismissal, and the dismissal order entered. Two days later, we filed a motion seeking relief from the automatic stay. So we were within the 10 days before the order of dismissal was final under the rules, which gave the court an opportunity to look at it as a motion to reconsider. Now, the court didn't necessarily say that in the record, but we still were within the time frame before that order was final. And how does a motion for relief from the automatic stay change the equation? I'm not quite sure I understand how the presence of that motion two days after the dismissal helps your client. Well, in essence, we didn't know the bankruptcy existed. So when I filed it, we believed the case was still there. Yes. So the court has to look at where we're coming from and the fact we were never notified of anything in the case. And the issue of the lease being terminated or not. I'm sorry. You were aware. You seek relief from the stay. I mean, you were aware. You're not saying you weren't aware of the bankruptcy. Well, we weren't aware until we filed. Actually, we weren't aware until it's in the record. Mr. Butler sent a letter on May 23rd indicating that we were violating the automatic stay. What you're saying in response to the question, why didn't you simply move to vacate the dismissal instead of moving for relief from the automatic stay, your response to that is that when you filed the motion for relief from the automatic stay, you didn't know there had been a dismissal. Right. Do I understand you correctly? Right. Because we weren't noticed of the motion to dismiss. You only get notices in a case if, number one, counsel enters an appearance in the case or you're on the master mailing list, which is part of the bankruptcy schedules and the requirements of the code that must be filed when you start the case. And you would have gotten that notice if the lease had been listed. If we had been shown as a creditor, meaning lease payments were to be paid, we would have gotten notice of the motion to dismiss, yes. I want to touch the point of jurisdiction, though. The cases clearly show, in Ray Taylor and some of the ones that I've cited as well as Judge Rosalynn Silver in her analysis on the lower appeal, clearly say that the cases deal with prior orders of the court and to address ancillary matters, which include attorney's fees. If you read through the cases on attorney's fees, attorney's fees is considered a core matter, meaning it is a matter that is really subject solely to the jurisdiction of the bankruptcy court to determine how much attorneys get paid in the case or if they should be paid or not or if there should be a discouragement or whatever. I'm suggesting that this lease issue under 365 is similar, meaning it is a matter that only arises under bankruptcy law, clearly under State law. Huh? Any question. Any question that was properly brought in the bankruptcy court or could have been brought in the bankruptcy court can then be reached by this analysis, even after the bankruptcy has been dismissed. There's no issue that if it could have been brought up in the bankruptcy court to begin with, we're not just talking about attorney's fees, which always follow subsequent or not always, but frequently follow after the conclusion of the proceedings, you're saying you could go back and look at any matter that was properly a proceeding before the bankruptcy court and revisit it, even if the underlying action has been dismissed. I want to expouse. Is there a case that holds that? I'm trying to expouse, and maybe there isn't even existing case law for it, but that if it is a matter that arises solely under the code, as it is under 365 regarding a lease that you have to assume or reject and the consequences if you don't do that, I believe that that is a matter that should still be able to come up, similar to attorney's fees, even after the case is dismissed, because it's inherently a bankruptcy proceeding or bankruptcy matter. It doesn't exist under State law. It doesn't exist under any other law. How do you deal with Henry Taylor? Have you read that? Well, Henry Taylor says the Court retains jurisdiction to interpret orders to the Court and to dispose of ancillary matters. It's one of the cases I realize. Do you have the last sentence in that paragraph that you just quoted from? Doesn't the Court go on to say, The bankruptcy court does not have jurisdiction, however, to grant new relief independent of its prior rulings once the underlying action has been dismissed? That is what Taylor says, isn't it? That is what it says. That's true. How do you deal with that? But there is no requirement to enter an order under 365. It acts as a matter of law under the Inmate Tompkins ruling of this Court, meaning if they did nothing, the lease terminated, the right to possession terminated. There didn't have to be a separate order. It just happened as a matter of law. So that's how I distinguish it, because there didn't have to be a court order in the beginning. But the other grounds for jurisdiction is this is in the nature of a sanction. Certainly Judge Silver went into that. Even Judge Nielsen was saying, Well, you didn't list this asset. Even after the trustee said, Hey, there's a lease here. Why don't you amend your schedules? They didn't do that. The debtor didn't do that. And then there was a transfer, it came out, of an interest in this lease to Mr. Buckler, which wasn't approved by the Court, all of which occurred during the pendency of the case. So as Judge Silver, Rosalyn Silver, said, Why should we set aside the Court's determination of what actually happened? It isn't an abuse of discretion for the Court to say this was, in essence, a sanction. Because they didn't do what the Code said they had to do. They didn't give notice to my client. My client lost certain rights and the ability to come in during the pendency of the case. I think we understand your argument. Thank you very much, Mr. O'Connor. Rebuttal? Mr. Buckler? Point of order. Just a point of factual clarification. Mr. Dooley became aware of the pending bankruptcy on March 23rd. And in the supplemental record submitted by opposing counsel, that's under tab number 3. I'd like to address this argument regarding sanctions for a moment and refer this panel to a recent decision in Ray Dyer from the Ninth Circuit. It's a March 13th, 2003 decision, case number 01-56319, where the Court addresses this issue of civil versus criminal sanctions and concludes that the bankruptcy court has the right under 105 to enter civil sanctions but does not have the right to enter criminal sanctions. Judge Nielsen said in his order, this was a devastating ruling. He deprived my client of a lease which had significant commercial value. And it's our view that under the case law, including Taylor, and under the recent decision Dyer, the bankruptcy court simply overstepped his bounds. But that action that Judge Nielsen took, he would have had a perfect right to do had the lease been listed during the pendency of the Chapter 13 and had Mr. Dooley come in and asked for 365 relief, right? I think he would have, and he would have had the right to administer sanctions, penalties, fees, whatever. But the problem is there was a dismissal. You can't just ignore the fact that there was a dismissal. And under the case law, once that dismissal occurred, I mean, I refer you to the Coconin case, a Supreme Court case where I think this panel thought, gee, obviously a district court has the jurisdiction to look over a settlement agreement once the parties have entered into it. Why did you seek emergency relief when you asked to dismiss? Actually, that was just before. It wasn't, I just told my secretary, you know, in our district it doesn't matter whether you seek emergency versus just regular. We just get an order of relief in due course. I did not know and can represent. When you used the word emergency, you really meant in due course? Well, it simply was not. I had no, I mean, the implication here is that I had some idea that Mr. Dooley was going to file something in the bankruptcy court. That's the suggestion. I mean, there was no evidence to support that. I did not know what his intentions were. I mean, I had no idea what he was going to file. In fact, what he filed changed his form over the course of the 60 days between the date of his first motion and the date of his last motion. He simply asked for relief from the automatic stay and for disgorgement of fees. He then comes in five days before the final hearing and says, oh, gee, now I've done some more research. I think I can rely on the Triglide case to win my point. But my client had entered into a stipulation to lift the automatic stay, so the primary reason for his filing was to save his house, which was now gone. There was no particular reason for him to stay in this Chapter 13. Thank you, Your Honor. Thank both sides for their argument. They're quite helpful. The case just argued to be submitted for decision.
judges: Hawkins, W.fletcher, Breyer